## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## McALLEN DIVISION

| | | |
|---|---|---|
| LUIS RIOS, JR. | § | CIVIL ACTION NO. |
| | § | |
| | § | |
| VS. | § | |
| | § | M – 15 – 204 |
| STARR COUNTY APPRAISAL DISTRICT, | § | |
| BASILIO D. VILLARREAL, JR. | § | |
| INDIVIDUALLY AND AS A MEMBER OF | § | |
| THE STARR COUNTY APPRAISAL | § | |
| DISTRICT BOARD OF DIRECTORS, | § | |
| HUMBERTO SAENZ, JR., INDIVIDUALLY | § | |
| AND AS FORMER CHIEF APPRAISER FOR | § | |
| THE STARR COUNTY APPRAISAL | § | |
| DISTRICT | § | JURY REQUESTED |

---

# NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** file this Notice of Removal of the present cause from the 381st District Court of Starr County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, McAllen Division.

# I.

## THE PETITIONERS

1.01 **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** are the Petitioners and Defendants in this lawsuit.

# II.

## THE LITIGATION

2.01 Petitioners are the Defendants in the civil lawsuit which is entitled **LUIS RIOS, JR. VS. STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT**, Cause No. DC–14–931, pending in the 381st District Court of Starr County, Texas. Plaintiff filed his First Amended Original Petition on or about April 6, 2015. A copy of Plaintiff's First Amended Original Petition is attached hereto as **Exhibit No. 9** in the Index of Exhibits attached hereto as **Exhibit – A**.

# III.

# <u>REMOVAL</u>

3.01    Defendants are filing this Notice of Removal pursuant to 28 U.S.C. §1441, which provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

3.02    Defendant Starr County Appraisal District is a governmental entity existing and doing business in Starr County, Texas, and the State of Texas.  Defendants Basilio D. Villarreal, Jr. and Luis Saenz, Jr. are individuals residing in Starr County, Texas.

3.03    Additional basis and authority for the removal of this action is pursuant to 42 U.S.C. §1446 entitled "Procedure for Removal," Sub-paragraph (b) of 28 U.S.C. §1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the Defendant, whichever period is shorter.

3.04    This Notice of Removal is being filed within thirty (30) days of Defendants' notice of Plaintiff's First Amended Original Petition insofar as Defendants obtained a copy of Plaintiff's pleading through the electronic filing system on or about April 6, 2015.  Upon receipt and review of the First Amended Original Petition, Defendants determined Plaintiff alleged federal causes of action pursuant to 42 U.S.C. §§ 1983 and 1985, for alleged

violations of the Constitution and laws of the United States, and this Notice of Removal is therefore timely filed.

## IV.

4.01    True and correct copies of all pleadings and orders signed by the state judges contained in the District Clerk's File are attached hereto together with an Index of Exhibits attached hereto as **Exhibit – A**.  A certified copy of the Docket Sheet from the District Clerk's office of Starr County, Texas, for this lawsuit is attached as **Exhibit No. 1** to the Index of Exhibits attached hereto as **Exhibit – A.**  Copies of all process, pleadings and orders served upon Defendants are attached to the Index of Exhibits attached hereto as **Exhibit – A**.  Attached hereto as **Exhibit – B** is a list of all counsel of record in this case.

## V.

5.01    The claims asserted by Plaintiff could have been filed in this Federal Court pursuant to 28 U.S.C. §1331.  Therefore, this Court has jurisdiction over this removal action pursuant to 28 U.S.C. §1441(b) since this is a civil action of which the Federal District Courts have original jurisdiction founded on a claim arising out of the Constitution or laws of the United States.

## VI.

6.01    Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR**

COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** hereby demand a trial by jury.

## VII.

7.01    Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** hereby represent to this Court that the Starr County Clerk and all parties and their counsel are receiving notice and copies of all the pleadings associated with Defendants' Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** pray for removal of this cause of action from the 381st District Court of Starr County, Texas, to this Court.

Signed on this the 30th day of April, 2015.

Respectfully submitted,

/s/    J. Arnold Aguilar

J. Arnold Aguilar
Attorney-in-Charge
State Bar No. 00936270
Federal Adm. No. 6822
email:   arnold@aguilarzabartellc.com

/s/    Francisco J. Zabarte

Francisco J. Zabarte
Of Counsel
State Bar No. 22235300
Federal Adm. No. 10747
email:   frank@aguilarzabartellc.com

**AGUILAR ☆ ZABARTE, LLC**
Of Counsel
990 Marine Drive
Brownsville, Texas  78520
Telephone    :  (956) 504-1100
Facsimile     :  (956) 504-1408

Attorney for Defendants
**STARR COUNTY APPRAISAL
DISTRICT, BASILIO VILLARREAL, JR.
INDIVIDUALLY AND AS A MEMBER OF
THE STARR COUNTY APPRAISAL
DISTRICT BOARD OF DIRECTORS,
HUMBERTO SAENZ, JR. INDIVIDUALLY
AND AS FORMER CHIEF APPRAISER
FOR THE STARR COUNTY APPRAISAL
DISTRICT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing NOTICE OF REMOVAL will on this the 30th day of April, 2015, be automatically accomplished through the Notice of Electronic Filing upon the following:

Mr. Gilberto Hinojosa
Law Office of Gilberto Hinojosa & Associates
622 East St. Charles Street
Brownsville, TX  78520

Mr. Carlos Escobar
Escobar Law Firm
2415 North 10th Street
McAllen, TX  78501


*/ s/ J. Arnold Aguilar*
J. Arnold Aguilar

# EXHIBIT-A

---

## INDEX OF EXHIBITS

---

1.     Certified copy of the District Court Docket Sheet

2.     Plaintiff's Original Petition and Request for Disclosures

3.     Voluntary Order of Recusal

4.     Defendants' Original Answer

5.     Order of Assignment (Honorable Martin Chiuminatto)

6.     Order of Assignment (Honorable Federico Hinojosa)

7.     Order of Assignment (Honorable Dick Alcala)

8.     Order of Nonsuit Without Prejudice Against Defendant Humberto Saenz, Jr.

9.     Plaintiff's First Amended Original Petition

10.    Order (dismissing state law claims against individuals)

Filed: 4/29/2015 11:36:55 AM
Eloy R. Garcia, District Clerk
Starr County, Texas

Brendaly Guerrero

*Docket Sheet*

*Honorable Dick Alcala, Senior Judge*
*dalcala120@me.com*
*210-387-5769*

*Gilberto Hinojosa*
*Carlos Escobar*
*622 East Saint Charles Street*
*Brownsville, Texas 78520*
*(956) 544-4218*
*(956) 544-1335*
*ghinojosa@ghinojosalaw.net*
*carlos@escobarlawfirm.com*

*Arnold Aguilar*
*(956) 504-1100*
*(956) 504-1408*
*arnold@aguilarzabartellc.com*

*Dc-14-931*
*Luis Rios, Jr.*
*V.*
*Starr County Appraisal District, Basilio D. Villarreal, Jr., Individually And As Member Of The Starr County Appraisal District Board Of Directors, Humberto Saenz, Jr. Individually And As Former Chief Appraiser Of The Starr County Appraisal District*
*********************************************************************************

*12/03/2014    Plaintiff Original Petition and Request for Disclosure / Level III /*

*12/29/2014    Voluntary Order of Recusal / Signed. Emailed to Emily on 12/29/2014*

*01/05/2014    Defendants' Original Answer, Special Exceptions, Request for Jury Trial (Defendant Starr county Appraisal District)*

*01/12/2015    Defendants' Motion for Hearing on Defendants' Special Exceptions*

*01/29/2015    Order of Assignment-Honorable Martin Chuminatto.*

*02/03/2015    Defendant Starr County Appraisal District's Motion to Dismiss Individual Defendants*

*02/11/2015    Plaintiff's Objection to Assigned Judge "Chuminatto"*

*02/12/2015    Order of Assignment / Federico Hinojosa*

EXHIBIT 1

A TRUE COPY I CERTIFY
ELOY RUBEN GARCIA

APR 3 0 2015

DISTRICT CLERK, STARR COUNTY, TEXAS
BY _____ DEPUTY

*02/18/2015*     *Defendant's Objection to Assigned Judge Federico Hinojosa*

*02/24/2015*     *Order of Assignment / Dick Alcala*

*03/20/2015*     *Order of Non-suit without prejudice against defendant Humberto Saenz, Jr. /*
*signed by Judge Dick Alcala.*

*04/06/2015*     *Plaintiff Luis Rios, Jr.'s First Amended Original Petition*

*04/07/2015*     *Hearing Held – Granted Defendant Starr County Appraisal District's Motion to*
*Dismiss Individual Defendants as to State Law Claims only / Order Signed. Case will be*
*removed to Federal Court.*

DC-14-931

Starr County - District Clerk

Filed: 12/3/2014 4:28:54 PM
Eloy R. Garcia, District Clerk
Starr County, Texas

Adrien Clarke

CAUSE NO. _____

| | | |
|---|---|---|
| LUIS RIOS, JR.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | |
| STARR COUNTY APPRAISAL DISTRICT,<br>BASILIO D. VILLARREAL, JR.,<br>INDIVIDUALLY AND AS MEMBER OF THE<br>STARR COUNTY APPRAISAL DISTRICT<br>BOARD OF DIRECTORS, HUMBERTO<br>SAENZ, Jr. INDIVIDUALLY AND AS<br>FORMER CHIEF APPRAISER FOR THE<br>STARR COUNTY APPRAISAL DISTRICT<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | STARR COUNTY TEXAS<br><br>381st<br>_____ JUDICIAL DISTRICT |

### PLAINTIFF LUIS RIOS, JR.'s ORIGINAL PETITION & REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Luis Rios, Jr., ("Rios") and files this his Original Petition against Defendants Starr County Appraisal District ("SCAD"), Basilio D. Villarreal, Jr. Individually and as Member of the Starr County Appraisal District Board of Directors ("BV"), Humberto Saenz Jr. Individually and as former Chief Appraiser for the Starr County Appraisal District ("HS") and for cause of action would show unto the Court the following:

### DISCOVERY LEVEL

1. Plaintiff Rios intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.

### PARTIES

2. Plaintiff is a resident of Rio Grande City, Starr County, Texas.

3. Defendant Starr County Appraisal District is a political subdivision of the State of Texas and may be served with summons and complaint by and through its Chief Executive Officer



EXHIBIT
2

(Chief Appraiser) Rosalva Guerra at 100 North FM 3167, Suite 300, Rio Grande City, Texas 78582.

4. Defendant Basilio D. Villarreal Jr. is an individual and may be served with summons and complaint at his place of business 2155 E. Main Street, Rio Grande City, Texas 78582. BV is being sued herein in his individual capacity and his capacity as a member of the Starr County Appraisal District Board of Directors.

5. Defendant Humberto Saenz Jr. is an individual and may be served with summons and complaint at his residence 100 N. Ebony Ave., Roma, Texas 78584. HS is being sued herein in his individual capacity and his capacity as the former Chief Appraiser for the Starr County Appraisal District.

## VENUE

6. Venue is proper under V.T.C.A., Civil Practice and Remedies Code, Section 15.002 (a) (1), (2), & (3), because Starr County is the county where all or a substantial part of the events or omissions giving rise to the claim occurred, is the county of residence for Defendants Saenz and Villarreal and is also the county where Defendant Starr County Appraisal District has its principal offices in the State of Texas.

## Facts

7. From 2001 to July 10, 2013, Plaintiff Rios was employed by SCAD as an assistant chief appraiser. At the time that Plaintiff Rios was employed by SCAD in 2013, Defendant BV was a member of the Starr County Appraisal District Board of Directors and the President of the Rio Grande City School Board, an entity with taxing authority in Starr County Texas, within the jurisdiction of the SCAD. At the time that Plaintiff Rios was employed by SCAD, Rios' immediate superior at his employment with SCAD was Defendant HS, who was the Chief

2

Executive Officer of the SCAD and the Chief Appraiser for SCAD. Also prior to and during 2013, Plaintiff Rios was the son in law of Starr County Judge Eloy Vera. Plaintiff Rios is a supporter of Judge Eloy Vera and is politically affiliated and associated with Starr County Judge Eloy Vera. In 2013, Starr County Judge Eloy Vera and BV were political adversaries and they opposed each other politically.

8. Since his employment with SCAD in 2001 and prior to July 10, 2013, Plaintiff Rios had satisfactory or better work performance evaluations at his positions with SCAD. Plaintiff Rios had no prior history of work related infractions, violations of policy, nor negative work performance evaluations.

9. In December 2012, Defendant BV personally called Plaintiff Rios on the phone to request that Rios re-appraise and lower the taxes upon various real and personal property belonging to BV, BV's businesses and BV's family members.

10. Prior to and on the date of BV's request, the SCAD had a practice where Starr County Tax payers could call into the appraiser's office and request reappraisals and request a re-assessment of the taxes owed. However, just because a request was made did not mean that every request would be granted by the various SCAD employees who took such calls. Some of the requests would be granted depending upon the requirements of law, the circumstances involved and the discretion of the SCAD employee handling such a request for reappraisal and re-assessment of taxes.

11. After receiving the telephonic requests from BV for the reduction of the taxes owed by BV, BV's businesses and BV's family, Plaintiff Rios went to speak with HS about BV's requests. Plaintiff Rios informed and advised HS that BV had requested that Plaintiff Rios lower the taxes upon various real and personal property belonging to BV, BV's businesses and BV's family

3

members. HS told Plaintiff Rios to do what BV requested because HS did not want "any problems". Plaintiff Rios took HS's statement that he did not want "any problems" to mean that HS did not want to be the subject of any political retaliation from BV since BV was a member of the Starr County Appraisal District Board of Directors and the President of the Rio Grande City School Board, an entity with taxing authority in Starr County Texas, within the jurisdiction of the SCAD. Thereafter, Plaintiff Rios called Rene Montalvo, attorney for the Starr County Appraisal Review Board to determine whether BV's requests were proper and whether such requests could be granted by the SCAD under the applicable law. Subsequently, Rene Montalvo advised Plaintiff Rios and HS that BV's taxes could be lowered as BV requested. In fact, Rene Montalvo also provided Plaintiff Rios and HS a letter that confirmed that Plaintiff Rios could re-appraise, re-assess, and lower the taxes as BV requested. Thereafter, Plaintiff Rios reappraised the properties BV requested, reassessed the taxes and lowered the taxes owed by BV, BV's businesses and BV's family members.

12. On or about April 2013, and after the time that Plaintiff Rios reappraised the properties BV requested, and lowered the taxes owed by BV, a faction of people politically opposed to BV began investigating the taxes owed by BV to Starr County. This faction made various requests to the SCAD, the Rio Grande City School District and other entities for the disclosure of the taxes owed by BV in Starr County Texas. Although Rios had no role in it, Plaintiff Rios heard rumors that these requests by the faction opposed to BV were being thwarted or delayed by individuals allied with BV at the various taxing or tax entities.

13. Plaintiff Rios did not want to be associated with any political controversy involving BV. As a result, on or about April 2013, Plaintiff Rios called Carlos Zuniga, an employee of Linebarger, Goggan, Blair & Sampson, LLP, to determine whether Plaintiff Rios' name was associated with

4

lowering BV's taxes as documented in the computer system utilized by the SCAD and the taxing entities. Linebarger, Goggan, Blair & Sampson, LLP is a law firm that was contracted by Starr County to conduct tax collection and other services for Starr County. Further, Linebarger, Goggan, Blair & Sampson, LLP have access to the computer system which contains the information Plaintiff Rios was concerned about.

14. Carlos Zuniga checked the computer system and confirmed that Plaintiff Rios' name was identified in the computer data as being the person at the SCAD who lowered BV's taxes. Although Plaintiff Rios did not request that any e-mail be sent to him, when he asked Carlos Zuniga to determine whether his name was associated with the lowering of BV's taxes, on or about April 2013 Carlos Zuniga sent Plaintiff Rios an e-mail which shows that BV's taxes were lowered and that Plaintiff Rios was the SCAD employee who lowered BV's taxes owed to Starr County Texas.

15. Subsequently the e-mail between Zuniga and Plaintiff was made known to BV. As a result, BV spoke with HS and others in management positions at the SCAD and demanded that Plaintiff Rios be terminated from his employment with SCAD because of his relationship, affiliation and association with Starr County Judge Eloy Vera. BV contacted HS and others in authority at the SCAD and demanded that an investigation commence concerning whether Plaintiff Rios committed any infractions while employed by SCAD. Thereafter, on July 10, 2013, HS called Plaintiff Rios into his office and advised Plaintiff Rios that he was terminated from his employment with SCAD. HS admitted to Plaintiff Rios that Rios' termination was due to BV's demands and that Rios' termination was "political". Plaintiff Rios was also advised that he was being terminated for violating certain policies of SCAD. However, the policy infractions identified by SCAD that Plaintiff Rios allegedly violated were untrue, without merit and

5

unfounded. Plaintiff Rios has sustained injuries and damages as a result of his unlawful termination by Defendants.

16. Plaintiff herein invokes the doctrine of respondeat superior to hold SCAD responsible and labile for the tortious and unlawful acts and omissions of its employees including but not limited to HS.

### CAUSES OF ACTION

17. Plaintiff was unlawfully terminated from his employment with the SCAD by Defendants in violation of Article I Section 8 of the Texas Constitution because of Plaintiff's political affiliations, political association, political relationship, political speech and his support of Judge Vera, a person who was BV's political adversary. But for Plaintiff's political affiliations, associations, relationships, political speech, and his support for Judge Eloy Vera, Plaintiff would not have been terminated by Defendants. As a result, Plaintiff seeks equitable relief and requests that he be reinstated to his former position at SCAD with all benefits and privileges he formerly possessed while he was employed by SCAD. Additionally, Plaintiff asserts that HS and BV were engaged in a civil conspiracy to terminate Plaintiff from his employment with SCAD in violation of Plaintiff's rights, privileges and entitlements under the Texas Constitution.

18. Alternatively, SCAD was negligent in supervising HS in his duties and responsibilities as the Chief Appraiser for SCAD. SCAD owed a duty to Plaintiff to supervise its employees. Defendant SCAD failed to supervise its employees including HS. As a result of SCAD's failure to supervise HS' conduct, Plaintiff was unlawfully terminated from his employment with SCAD. As a result, Plaintiff seeks equitable relief and requests that he be reinstated to his former position at SCAD with all benefits and privileges he formerly possessed while he was employed by SCAD.

19. Furthermore, Defendant BV and HS by their actions as described herein constitute tortious interference with business relations between Plaintiffs and the SCAD. Prior to Plaintiff's termination, Plaintiff had a valid and existing business relationship of employment with SCAD. Prior to Plaintiff's termination, Plaintiff had a prospective business relationship for continued employment with SCAD. Defendants BV and HS intentionally and willfully interfered with Plaintiff's business relationship when BV and HS unlawfully terminated Plaintiff's employment with SCAD. As a result of such conduct, Plaintiff sustained injuries and damages. Plaintiff seeks to recover from Defendants HS and BV (not SCAD) actual damages, lost wages, and mental anguish. Additionally and in the alternative, HS and BV owed a duty to act as would a reasonable and prudent person in the same or similar circumstance. HS and BV breached said duties when they respectively failed to act as a reasonable and prudent person in the same or similar circumstance. As a proximate result, Plaintiff sustained injuries and damages. Thus, Plaintiff sues HS and BV for negligence.

## Demand for Trial by Jury

20. Plaintiff makes and files this Demand for Trial by Jury in the above styled and numbered cause. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

## Request for Disclosures

21. Under the authority of Texas Rules of Civil Procedure 194, Plaintiff requests the Defendants to each disclose, within 50 days of service of this request, the information or materials described in Rule 194.2.

21. WHEREFORE, PREMISES CONSIDERED, Luis Rios Jr. Plaintiff herein, prays that this Honorable Court grant the following:

7

(1)   Judgment against the Defendants in favor of Plaintiff;

(2)   As against SCAD, equitable relief wherein Plaintiff Rios will be reinstated to his former position at SCAD with all benefits and privileges he formerly possessed while he was employed by SCAD;

(3)   As against Defendants HS and BV (not SCAD) damages for actual damages, lost wages, and mental anguish in the amount of $100,000 but not more than $500,000.

For such other and further relief at law or in equity to which the Plaintiff may show himself justly entitled to receive and for which he shall forever pray.

Respectfully submitted,

Law Offices of Gilberto Hinojosa & Associates, P.C.

By: _____
Gilberto Hinojosa, Esq.
622 East Saint Charles Street
Brownsville, Texas 78520
State Bar Number 09701100
(956) 544-4218 (tel)
(956) 544-1335 (fax)
ghinojosa@ghinojosalaw.net

Escobar Law Firm, PLLC
Carlos Escobar
State Bar No. 24025351
Fed, ID No.: 25649
2415 North 10th Street
McAllen, Texas 78501
(956) 682 5434
(956) 683 1172 (fax)
carlos@escobarlawfirm.com



# IN THE 381ST DISTRICT COURT
## STARR COUNTY, TEXAS

| | | |
|---|---|---|
| Dc-14-931 | § | In The 381st District Court |
| Luis Rios, Jr. | § | |
| | § | Of |
| Vs. | § | |
| | § | |
| Starr County Appraisal District | § | |
| And Et Al | § | Starr County, Texas. |

### Voluntary Order of Recusal

On December 29, 2014, I, the undersigned Judge of this court, recuse myself from the above-referenced case.

Accordingly, I hereby REFER the cause to the Presiding Judge of the Fifth Administrative Judicial Region, Honorable J. Rolando Olvera, for assignment of a judge to the case.

The Clerk of this Court shall send a certified copy of this order to the Presiding Judge, Fifth Administrative Judicial Region, 200 N. Almond St., Alice, Texas 78332.

The Clerk shall also send a certified copy of this Order to all counsel of record.

Signed on ___Dec. 29___, 2014.

_____
Jose Luis Garza
Judge Presiding

FILED
AT 10:51 O'CLOCK M

*Attorney (s)*
*Gilberto Hinojosa, Esq.*
*(956) 544-1335*

DEC 2 0 2014

ELOY R. GARCIA
DISTRICT CLERK STARR CO. TX
BY _____ DEPUTY

*Carlos Escobar*
*(956) 683-1172*

EXHIBIT
3

This document was retrieved from the IDOCKET.COM web site.

# CAUSE NO. DC-14-931

| | | |
|---|---|---|
| LUIS RIOS, JR. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| STARR COUNTY APPRAISAL DISTRICT, | § | STARR COUNTY, TEXAS |
| BASILIO VILLARREAL, JR., | § | |
| INDIVIDUALLY AND AS A MEMBER OF | § | |
| THE STARR COUNTY APPRAISAL | § | |
| BOARD OF DIRECTORS, HUMBERTO | § | |
| SAENZ, JR., INDIVIDUALLY AS A | § | |
| CHIEF APPRAISER FOR THE STARR | § | |
| COUNTY APPRAISAL DISTRICT | § | 381ST JUDICIAL DISTRICT |

---

## DEFENDANTS' ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT;

Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** file this Original Answer to Plaintiff's Original Petition.

### I.

### SPECIAL EXCEPTIONS

(A)     Defendant **STARR COUNTY APPRAISAL DISTRICT** specially excepts to the entirety of Plaintiff's Original Petition on the basis that Plaintiff has failed to allege or



establish any basis for liability against Defendant **STARR COUNTY APPRAISAL DISTRICT**, notwithstanding its entitlement to sovereign immunity for all claims raised herein.

(B) Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** specially except to Paragraph 17 of Plaintiff's Original Petition, wherein Plaintiff alleges violations of the Texas Constitution, on the basis that Plaintiff has failed to identify how he may maintain an action for damages arising from an alleged constitutional deprivation, notwithstanding the restrictions of *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995), which provides that there is no implied private right of action for damages arising under the Texas Constitution.

(C) Defendant **STARR COUNTY APPRAISAL DISTRICT**, specially excepts to ¶ 18 of Plaintiff's Original Petition, wherein Plaintiff alleges this Defendant was negligent in supervising Defendant Saenz, on the basis that Plaintiff has not identified how he may maintain a claim of negligent supervision against this defendant, notwithstanding the limitations of Texas Civil Practice and Remedies Code § 101.021. *See Lopez v. McMillion*, 113 S.W.3d 447, 452 (Tex. App. – San Antonio 2003, no pet.); *Salinas v. City of Brownsville*, 2010 Tex. App. LEXIS 1319, 16-17, 2010 WL 672885, pp. 16-17 (Tex. App. – Corpus Christi Feb. 25, 2010, no pet.)

(D)  Defendants **BASILIO VILLARREAL, JR., AND HUMBERTO SAENZ, JR.**, specially except to ¶¶ 17 & 19, the Prayer and the entirety of Plaintiff's Original Petition, wherein Plaintiff alleges tort claims against Defendants **BASILIO VILLARREAL, JR.,** and **HUMBERTO SAENZ, JR.** arising out of the same subject matter as claims filed against the **STARR COUNTY APPRAISAL DISTRICT**, on the basis that Plaintiff has failed to identify how he may maintain an action against Defendants VILLARREAL and SAENZ, notwithstanding the restrictions of Texas Civil Practice & Remedies Code § 101.106. *See Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659-60 (Tex. 2008); *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 401 (Tex. App. – Ft. Worth 2008, no pet.)

(E)  Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** specially except to ¶¶ 17 – 19, the Prayer and entirety of Plaintiff's Original Petition, on the basis that Plaintiff has failed to identify or specify the amount of damages sought for each cause of action alleged, or the total maximum amount of damages sought, pursuant to Texas Rules of Civil Procedure 74 and 90.

Defendants  **STARR  COUNTY  APPRAISAL  DISTRICT,  BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ,**

3

JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT would therefore request that, upon notice and hearing, this Court grant the above special exceptions and order Plaintiff to replead in conformity with the Special Exceptions listed herein, and if Plaintiff is unable to so replead, that this Court dismiss each of such claims or causes of action against these Defendants on which he is unable to do so.

## II.

## GENERAL DENIAL

Defendants STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT deny each and every allegation contained in Plaintiff's Original Petition, all and singular, and demand strict proof thereof at the trial of this cause.

## III.

## SOVEREIGN AND OFFICIAL IMMUNITY

Defendants STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT, hereby provide Plaintiff notice of their entitlement

to sovereign immunity and official or qualified immunity for all claims raised by Plaintiff, including immunity from suit and/or liability. Specifically,

(1) Plaintiff cannot recover, directly or indirectly, from Defendant **STARR COUNTY APPRAISAL DISTRICT** because of the Doctrine of Sovereign Immunity;

(2) Plaintiff cannot recover, directly or indirectly, from Defendant **STARR COUNTY APPRAISAL DISTRICT** because the Texas Tort Claims Act or other applicable law does not allow Plaintiff's tort claims and Defendant's sovereign immunity has not been waived;

(3) Plaintiff cannot recover, directly or indirectly, from Defendants for any alleged violations of the Texas Constitution, on the basis that any claims for recovery of money damages are barred, as set out in *City of Beaumont v. Bouillion*, 896 S.W.2d 143 (Tex. 1995);

(4) Plaintiff cannot recover, directly or indirectly, from Defendant **STARR COUNTY APPRAISAL DISTRICT** for negligent supervision because such claims are not authorized by the limitations of Texas Civil Practice and Remedies Code § 101.021;

(5) In the alternative, should it be determined that the Texas Tort Claims Act or other applicable law allows Plaintiffs' claims to be asserted against Defendant, the **STARR COUNTY APPRAISAL DISTRICT** would hereby invoke the statutory limit on damages, including but not limited to the statutory cap on damages and the bar against punitive or exemplary damages, pursuant to Texas Civil Practice & Remedies Code §§ 101.023 & 101.024.

(6) Defendants **BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** would show that they are entitled to dismissal for all claims raised, or that could be raised, against them, pursuant to Texas Civil Practice & Remedies Code §101.106;

(7) Defendants **BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT** would show that they are entitled to official or qualified immunity for all allegations raised against them, and Plaintiff cannot recover, directly or indirectly, from these Defendants because the Texas Tort Claims Act and the laws of the State of

Texas do not allow for Plaintiff's causes of action against them, and Defendants' entitlement to official or qualified immunity has not been waived;

(8) Should it be determined that Defendants BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT are not entitled to qualified or official immunity, Defendants would further invoke the statutory limitation of liability set out in the Texas Civil Practice & Remedies Code Chapter 108;

## IV.

## AFFIRMATIVE DEFENSES

Defendants STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT, still urging and relying on the matters hereinabove alleged, by way of further answer, if any need there be, further allege by way of affirmative defenses the following:

(1) Any loss or damages sustained by Plaintiff at the time and place, and on the occasion, mentioned in Plaintiff's Original Petition were caused in whole or in part, or contributed to, by the actions, negligence or fault of Luis Rios, Jr., and not by any actions, negligence, fault or want of care on the part of Defendants, and Defendants invoke the Doctrine of Comparative Responsibility; and,

(2) In addition, or in the alternative, Defendants would show that Plaintiff's alleged injuries and damages were caused, in whole or in part, or contributed to, by the negligence, fault or want of care of parties, persons, or instrumentalities over whom these Defendants exercised no control and for whose acts these Defendants are not under the law responsible.

Without waiving the foregoing General Denial, but still insisting upon the same, for further answer if any be necessary, and as separate defenses, Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT,** reserve the right to file any and all cross-actions, third-party actions, counterclaims, motions, verified denials, designations of responsible third parties and discovery as they may deem proper.

## IV.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 216 of the Texas Rule of Civil Procedure, Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT,** hereby request a jury trial in the above-styled and numbered cause.

Defendants **STARR COUNTY APPRAISAL DISTRICT, BASILIO VILLARREAL, JR., INDIVIDUALLY AND AS A MEMBER OF THE STARR COUNTY APPRAISAL BOARD OF DIRECTORS, AND HUMBERTO SAENZ, JR., INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT,** pray that upon final trial and hearing hereof that they

have judgment on their behalf, together with costs, that Plaintiff go hence without day, and that Defendants have such other and further relief, both special and general, at law and in equity, to which they may show themselves to be justly entitled.

Signed on this the 30th day of December, 2014.

Respectfully submitted,

J. Arnold Aguilar
State Bar No. 00936270
email: arnold@aguilarzabartellc.com
**AGUILAR ☆ ZABARTE, LLC**
990 Marine Drive
Brownsville, Texas 78520
Telephone    : (956) 504-1100
Facsimile     : (956) 504-1408
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS' ORIGINAL ANSWER** will on this the 30th day of December, 2014, be automatically accomplished through the Notice of Electronic Filing and/or via certified mail, return receipt requested upon the following:

Mr. Gilberto Hinojosa
Law Office of Gilberto Hinojosa & Associates
622 East St. Charles Street
Brownsville, TX 78520

Mr. Carlos Escobar
Escobar Law Firm
2415 North 10th Street
McAllen, TX 78501

J. Arnold Aguilar



Filed: 2/12/2015 3:50:30 PM
Eloy R. Garcia, District Clerk
Starr County, Texas

Ana Martinez

# BEFORE THE PRESIDING JUDGE
# OF THE FIFTH ADMINISTRATIVE JUDICIAL REGION OF TEXAS
## NO. 15-5AJR-82
## ORDER OF ASSIGNMENT

Pursuant to Section 74.056, Texas Government Code, I hereby assign, **Honorable Martin Chiuminatto, Former Judge to the 381st Judicial District Court, Starr County, Texas.**

The judge is assigned to preside in **Cause Number DC-14-931** styled **LUIS RIOS, JR. VS. STARR COUNTY APPRAISAL DISTRICT ET AL** from this date until plenary jurisdiction has expired or the undersigned Presiding Judge has terminated this assignment in writing, whichever occurs first. In addition, whenever the assigned judge is present in the county of assignment for a hearing in this cause, the judge is also assigned and empowered to hear at that time any other matters that are presented for hearing in other cases.

**IT IS THEREFORE ORDERED** that the Clerk of Court to which this assignment is made, if it is reasonable and practicable, and if time permits, give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or in part by the assigned judge.

**IT IS FURTHER ORDERED** that the Clerk, upon receipt hereof, shall post a copy of this order in a public area of the Clerk's office or courthouse so that attorneys and parties may be advised of this assignment.

**SIGNED** on January 29, 2015.


J. ROLANDO OLVERA
PRESIDING JUDGE, FIFTH ADMINISTRATIVE JUDICIAL REGION


ATTEST:

ADMINISTRATIVE ASSISTANT
*Copies to the named Court and the Assigned Judge. Named Court shall send copies to Counsel.*

EXHIBIT
5



# BEFORE THE PRESIDING JUDGE
# OF THE FIFTH ADMINISTRATIVE JUDICIAL REGION OF TEXAS
## NO. 15-5AJR-117
# ORDER OF ASSIGNMENT

Pursuant to Section 74.056, Texas Government Code, I hereby assign, **Honorable Federico Hinojosa, Senior Justice**, to the 381st Judicial District Court, Starr County, Texas.

The judge is assigned to preside in Cause Number DC-14-931 styled LUIS RIOS, JR. VS. STARR COUNTY APPRAISAL DISTRICT, BASILIO D. VILLARREAL, JR, INDIVIDUALLY AND AS MEMBER OF THE STARR COUNTY APPRAISAL DISTRICT BOARD OF DIRECTORS, HUMBERTO SAENZ, JR. INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STARR COUNTY APPRAISAL DISTRICT, DEFENDANTS from this date until plenary jurisdiction has expired or the undersigned Presiding Judge has terminated this assignment in writing. whichever occurs first. In addition, whenever the assigned judge is present in the county of assignment for a hearing in this cause, the judge is also assigned and empowered to hear at that time any other matters that are presented for hearing in other cases.

IT IS THEREFORE ORDERED that the Clerk of Court to which this assignment is made, if it is reasonable and practicable, and if time permits, give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or in part by the assigned judge.

IT IS FURTHER ORDERED that the Clerk, upon receipt hereof, shall post a copy of this order in a public area of the Clerk's office or courthouse so that attorneys and parties may be advised of this assignment.

SIGNED on February 12, 2015.

**J. ROLANDO OLVERA**
PRESIDING JUDGE, FIFTH ADMINISTRATIVE JUDICIAL REGION

ATTEST:

ADMINISTRATIVE ASSISTANT
*Copies to the named Court, assigned Judge, District Clerk. Named Court shall send copies to all counsel.*

EXHIBIT
**6**

Filed: 2/24/2015 3:15:53 PM
Eloy R. Garcia, District Clerk
Starr County, Texas

Dulce Morin



# BEFORE THE PRESIDING JUDGE
# OF THE FIFTH ADMINISTRATIVE JUDICIAL REGION OF TEXAS
## NO. 15-5AJR-117.1
## ORDER OF ASSIGNMENT

Pursuant to Section 74.056, Texas Government Code, I hereby assign, Honorable Dick Alcala, Senior Judge, to the 381st Judicial District Court, Starr County, Texas.

The judge is assigned to preside in Cause Number DC-14-931 styled LUIS RIOS, JR. VS. STARR COUNTY APPRAISAL DISTRICT, BASILIO D. VILLARREAL, JR, INDIVIDUALLY AND AS MEMBER OF THE STARR COUNTY APPRAISAL DISTRICT BOARD OF DIRECTORS, HUMBERTO SAENZ, JR. INDIVIDUALLY AND AS FORMER CHIEF APPRAISER FOR THE STAR COUNTY APPRAISAL DISTRICT, DEFENDANTS from this date until plenary jurisdiction has expired or the undersigned Presiding Judge has terminated this assignment in writing, whichever occurs first. In addition, whenever the assigned judge is present in the county of assignment for a hearing in this cause, the judge is also assigned and empowered to hear at that time any other matters that are presented for hearing in other cases.

IT IS THEREFORE ORDERED that the Clerk of Court to which this assignment is made, if it is reasonable and practicable, and if time permits, give notice of this assignment to each attorney representing a party to a case that is to be heard in whole or in part by the assigned judge.

IT IS FURTHER ORDERED that the Clerk, upon receipt hereof, shall post a copy of this order in a public area of the Clerk's office or courthouse so that attorneys and parties may be advised of this assignment.

SIGNED on February 24, 2015.

J. ROLANDO OLVERA
PRESIDING JUDGE, FIFTH ADMINISTRATIVE JUDICIAL REGION

ATTEST:

ADMINISTRATIVE ASSISTANT
Copies to the named Court, Assigned Judge, District Clerk. Named Court shall send copies to all counsel.

EXHIBIT
7

Filed: 3/24/2015 3:58:09 PM
Eloy R. Garcia, District Clerk
Starr County, Texas

Brendaly Guerrero

## CAUSE NO. DC-14-931

| | | |
|---|---|---|
| LUIS RIOS, JR. | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| STARR COUNTY APPRAISAL DISTRICT, | § | |
| BASILIO D. VILLARREAL, JR, | § | STARR COUNTY TEXAS |
| INDIVIDUALLY AND AS MEMBER OF THE | § | |
| STARR COUNTY APPRAISAL DISTRICT | § | |
| BOARD OF DIRECTORS, HUMBERTO | § | |
| SAENZ, Jr. INDIVIDUALLY AND AS | § | |
| FORMER CHIEF APPRAISER FOR THE | § | |
| STARR COUNTY APPRAISAL DISTRICT | § | |
| Defendants | § | 381st JUDICIAL DISTRICT |

## ORDER OF NONSUIT WITHOUT PREJUDICE AGAINST
## DEFENDANT HUMBERTO SAENZ, JR.

On the 20th day of March , 2015, came to be considered Plaintiff's

Notice of Nonsuit Without Prejudice against Defendant Humberto Saenz, Jr., and after

taking notice of Plaintiff's nonsuit without prejudice the Court finds that such nonsuit

without prejudice should be in all things GRANTED.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED, that all of Plaintiff Luis

Rios, Jr.'s respective claims and causes of action against Defendant Humberto Saenz, Jr. are

hereby dismissed without prejudice.

Signed on this the 20th day of March , 2015

JUDGE PRESIDING

Copies to:

carlos@escobarlawfirm.com
Carlos Escobar
Escobar Law Firm, PLLC
2415 North 10th Street
McAllen, Texas 78501
Attorney for Plaintiff

arnold@aguilarzabartellc.com
J. Arnold Aguilar
Aguilar & Zabarte, LLC
900 Marine Drive
Brownsville, Texas 78520
Attorney for Defendant


EXHIBIT
8

Filed: 4/6/2015 4:26:47 PM
Eloy R. Garcia, District Clerk
Starr County, Texas

Ana Martinez

## CAUSE NO. DC-14-931

| | | |
|---|---|---|
| LUIS RIOS, JR. | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| STARR COUNTY APPRAISAL DISTRICT, | § | |
| BASILIO D. VILLARREAL, JR, | § | STARR COUNTY TEXAS |
| INDIVIDUALLY AND AS MEMBER OF THE | § | |
| STARR COUNTY APPRAISAL DISTRICT | § | |
| BOARD OF DIRECTORS, HUMBERTO | § | |
| SAENZ, Jr. INDIVIDUALLY AND AS | § | |
| FORMER CHIEF APPRAISER FOR THE | § | |
| STARR COUNTY APPRAISAL DISTRICT | § | |
| **Defendants** | § | 381st JUDICIAL DISTRICT |

## PLAINTIFF LUIS RIOS, JR.'s FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Luis Rios, Jr., ("Rios") and files this his First Amended Original Petition against Defendants Starr County Appraisal District ("SCAD"), Basilio D. Villarreal, Jr. Individually and as Member of the Starr County Appraisal District Board of Directors ("BV"), Humberto Saenz Jr. Individually and as former Chief Appraiser for the Starr County Appraisal District ("HS") and for cause of action would show unto the Court the following:

### DISCOVERY LEVEL

1. Plaintiff Rios intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.

### PARTIES

2. Plaintiff is a resident of Rio Grande City, Starr County, Texas.

3. Defendant Starr County Appraisal District is a political subdivision of the State of Texas and has filed an answer and has made an appearance in this case.



EXHIBIT
**9**

4. Defendant Basilio D. Villarreal Jr. is an individual and has filed an answer and has made an appearance in this case.

5. Defendant Humberto Saenz Jr. is an individual and may be served with summons and complaint at his residence 100 N. Ebony Ave., Roma, Texas 78584. HS is being sued herein in his individual capacity and his capacity as the former Chief Appraiser for the Starr County Appraisal District.

## VENUE

6.     Venue is proper under V.T.C.A., Civil Practice and Remedies Code, Section 15.002 (a) (1), (2), & (3), because Starr County is the county where all or a substantial part of the events or omissions giving rise to the claim occurred, is the county of residence for Defendants Saenz and Villarreal and is also the county where Defendant Starr County Appraisal District has its principal offices in the State of Texas.

## Facts

7.     From 2001 to July 10, 2013, Plaintiff Rios was employed by SCAD as an assistant chief appraiser. At the time that Plaintiff Rios was employed by SCAD in 2013, Defendant BV was a member of the Starr County Appraisal District Board of Directors and the President of the Rio Grande City School Board, an entity with taxing authority in Starr County Texas, within the jurisdiction of the SCAD. At the time that Plaintiff Rios was employed by SCAD, Rios' immediate superior at his employment with SCAD was Defendant HS, who was the Chief Executive Officer of the SCAD and the Chief Appraiser for SCAD. Also prior to and during 2013, Plaintiff Rios was the son in law of Starr County Judge Eloy Vera. Plaintiff Rios is a supporter of Judge Eloy Vera and is politically affiliated and associated with Starr County Judge Eloy Vera. In 2013, Starr County Judge Eloy Vera and BV were political adversaries and they

opposed each other politically.

8.      Since his employment with SCAD in 2001 and prior to July 10, 2013, Plaintiff Rios had satisfactory or better work performance evaluations at his positions with SCAD.  Plaintiff Rios had no prior history of work related infractions, violations of policy, nor negative work performance evaluations.

9.      In December 2012, Defendant BV personally called Plaintiff Rios on the phone to request that Rios re-appraise and lower the taxes upon various real and personal property belonging to BV, BV's businesses and BV's family members.

10.     After receiving the telephonic requests from BV for the reduction of the taxes owed by BV, BV's businesses and BV's family, Plaintiff Rios went to speak with HS about BV's requests.  Plaintiff Rios informed and advised HS that BV had requested that Plaintiff Rios lower the taxes upon various real and personal property belonging to BV, BV's businesses and BV's family members.  HS told Plaintiff Rios to do what BV requested because HS did not want "any problems".  Plaintiff Rios took HS's statement that he did not want "any problems" to mean that HS did not want to be the subject of any political retaliation from BV since BV was a member of the Starr County Appraisal District Board of Directors and the President of the Rio Grande City School Board, an entity with taxing authority in Starr County Texas, within the jurisdiction of the SCAD.  Thereafter, Plaintiff Rios called Rene Montalvo, attorney for the Starr County Appraisal Review Board to determine whether BV's requests were proper and whether such requests could be granted by the SCAD under the applicable law.  Subsequently, Rene Montalvo advised Plaintiff Rios and HS that BV's taxes could be lowered as BV requested.  In fact, Rene Montalvo also provided Plaintiff Rios and HS a letter that confirmed that Plaintiff Rios could re-appraise, re-assess, and lower the taxes as BV requested.  Thereafter, Plaintiff Rios reappraised

3

the properties BV requested, reassessed the taxes and lowered the taxes owed by BV, BV's businesses and BV's family members.

11.     On or about April 2013, and after the time that Plaintiff Rios reappraised the properties BV requested, and lowered the taxes owed by BV, a faction of people politically opposed to BV began investigating the taxes owed by BV to Starr County. This faction made various requests to the SCAD, the Rio Grande City School District and other entities for the disclosure of the taxes owed by BV in Starr County Texas.  Although Rios had no role in it, Plaintiff Rios heard rumors that these requests by the faction opposed to BV were being thwarted or delayed by individuals allied with BV at the various taxing or tax entities.

12.     Plaintiff Rios did not want to be associated with any political controversy involving BV. As a result, on or about April 2013, Plaintiff Rios called Carlos Zuniga, an employee of Linebarger, Goggan, Blair & Sampson, LLP, to determine whether Plaintiff Rios' name was associated with lowering BV's taxes as documented in the computer system utilized by the SCAD and the taxing entities.  Linebarger, Goggan, Blair & Sampson, LLP is a law firm that was contracted by Starr County to conduct tax collection and other services for Starr County. Further, Linebarger, Goggan, Blair & Sampson, LLP have access to the computer system which contains the information Plaintiff Rios was concerned about.

13.     Carlos Zuniga checked the computer system and confirmed that Plaintiff Rios' name was identified in the computer data as being the person at the SCAD who lowered BV's taxes. Although Plaintiff Rios did not request that any e-mail be sent to him, when he asked Carlos Zuniga to determine whether his name was associated with the lowering of BV's taxes, on or about April 2013 Carlos Zuniga sent Plaintiff Rios an e-mail which shows that BV's taxes were lowered and that Plaintiff Rios was the SCAD employee who lowered BV's taxes owed to Starr

4

County Texas.

14.    Subsequently the e-mail between Zuniga and Plaintiff was made known to BV.   As a result, BV spoke with HS and others in management positions at the SCAD and demanded that Plaintiff Rios be terminated from his employment with SCAD because of his relationship, affiliation and association with Starr County Judge Eloy Vera.   BV contacted HS and others in authority at the SCAD and demanded that an investigation commence concerning whether Plaintiff Rios committed any infractions while employed by SCAD.   Thereafter, on July 10, 2013, HS called Plaintiff Rios into his office and advised Plaintiff Rios that he was terminated from his employment with SCAD.   HS admitted to Plaintiff Rios that Rios' termination was due to BV's demands and that Rios' termination was "political".   Plaintiff Rios was also advised that he was being terminated for violating certain policies of SCAD.   However, the policy infractions identified by SCAD that Plaintiff Rios allegedly violated were untrue, without merit and unfounded. Plaintiff Rios has sustained injuries and damages as a result of his unlawful termination by Defendants.

15.    Plaintiff herein invokes the doctrine of respondeat superior to hold SCAD responsible and labile for the tortious and unlawful acts and omissions of its employees including but not limited to HS and BV.

**CAUSES OF ACTION**

**Violation of Texas Constitution**

16. Plaintiff was unlawfully terminated from his employment with the SCAD by Defendants in violation of Article I Section 8 of the Texas Constitution because of Plaintiff's political affiliations, political association, political relationship, political speech and his support of Judge Vera, a person who was BV's political adversary.   But for Plaintiff's political affiliations,

associations, relationships, political speech, and his support for Judge Eloy Vera, Plaintiff would not have been terminated by Defendants. As a result, Plaintiff seeks equitable relief and requests that he be reinstated to his former position at SCAD with all benefits and privileges he formerly possessed while he was employed by SCAD. Additionally, Plaintiff asserts that HS and BV were engaged in a civil conspiracy to terminate Plaintiff from his employment with SCAD in violation of Plaintiff's rights, privileges and entitlements under the Texas Constitution.

**Negligence**

17. Alternatively, SCAD was negligent in supervising HS in his duties and responsibilities as the Chief Appraiser for SCAD. SCAD owed a duty to Plaintiff to supervise its employees. Defendant SCAD failed to supervise its employees including HS. As a result of SCAD's failure to supervise HS' conduct, Plaintiff was unlawfully terminated from his employment with SCAD. As a result, Plaintiff seeks equitable relief and requests that he be reinstated to his former position at SCAD with all benefits and privileges he formerly possessed while he was employed by SCAD. Alternatively, Plaintiff seeks money damages for his wrongful termination as set forth below.

**42 U.S.C. 1983 Claims**

18. Plaintiff Rios brings his claims against Defendants under 42 U.S.C. Sec. 1983 since Defendants respectively acted under color of state law and deprived Plaintiff Rios of his rights under the First Amendment to the United States Constitution. Specifically, Plaintiff Rios suffered an adverse employment action, Plaintiff Rios was terminated from his employment with SCAD. Plaintiffs' relationship, support and political affiliation with Starr County Judge Eloy Vera involved matters of public concern in Starr County Texas. Plaintiff Rios supported Judge Vera's agenda as Starr County Judge and supported Judge Vera's campaign for reelection in

6

2014 during the time he was employed by the SCAD. Plaintiff Rios' interests in affiliating with Judge Eloy Vera politically outweighs SCAD's interest in promoting efficiency in the workplace. Defendant HS was a final policymaker at SCAD and HS was the person that terminated Plaintiff's employment with SCAD. Plaintiff Rios was terminated from his employment with SCAD because of his affiliation with and support for Starr County Judge Eloy Vera. Alternatively, Plaintiff Rios' affiliation with Starr County Judge Eloy Vera was a substantial and motivating factor for SCAD's termination of Plaintiff Rios' employment.

## 42 U.S.C. 1985 Claims

19. Plaintiff Rios brings his claims against Defendants under 42 U.S.C. Sec. 1985 since Defendants SCAD, BV and HS were involved in a civil conspiracy to terminate Plaintiff Rios employment in violation of Plaintiff Rios' First Amendment rights under the United States Constitution to freedom of association / affiliation and freedom to support political candidates of his choosing. Defendants were involved in a conspiracy and Defendants had a meeting of the minds with respect to the course of action to take against Plaintiff as a result of his political affiliation. Defendants conspired to deprive Plaintiff Rios of his First Amendment rights, equal protection or equal privileges and immunities. Defendants proceeded with their course of action when they acted in concert to terminate Plaintiff Rios' employment with SCAD. As a result, Plaintiff Rios sustained injuries and damages because of his unlawful and wrongful termination of employment with SCAD.

20. Furthermore, Defendant BV and HS by their actions as described herein constitute tortious interference with business relations between Plaintiff and the SCAD. Prior to Plaintiff's termination, Plaintiff had a valid and existing business relationship of employment with SCAD. Prior to Plaintiff's termination, Plaintiff had a prospective business relationship for continued

7

employment with SCAD. Defendants BV and HS intentionally and willfully interfered with Plaintiff's business relationship when BV and HS unlawfully terminated Plaintiff's employment with SCAD. As a result of such conduct, Plaintiff sustained injuries and damages. Plaintiff seeks to recover from Defendants HS and BV actual damages, lost wages, and mental anguish. Additionally and in the alternative, HS and BV owed a duty to act as would a reasonable and prudent person in the same or similar circumstance. HS and BV breached said duties when they respectively failed to act as a reasonable and prudent person in the same or similar circumstance. As a proximate result, Plaintiff sustained injuries and damages. Thus, Plaintiff sues HS and BV for negligence.

### Damages

21. As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

**Lost Earnings and Special Damages**

22. At the time of the incident complained of, Plaintiff was gainfully employed. As a proximate result of the unlawful and wrongful acts of Defendants, Plaintiff sues for earned wages which were unpaid, and he was also was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues. As a result of the wrongful acts of the Defendants, the Plaintiff's earnings, benefits, retirement, and capacity to earn a livelihood were severely impaired. In all reasonable probability, the Plaintiff's loss of earnings, loss of wages, and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life. Plaintiff therefore sues for any lost earnings in the form of back pay, unpaid wages, lost wages, reinstatement, front pay, retirement benefits, fringe benefits, lost future earnings and/or diminished earning capacity to the extent permitted by law, due to the acts complained of above.

**Past and Future Mental Anguish**

23.  As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injury, sickness and/or illness as well as severe mental pain and anguish.  The Plaintiff has suffered feelings of anxiety, and embarrassment.  The Plaintiff has further suffered ill health effects including, but not limited to, anxiety, restlessness, sleeplessness, depression and loss of self-esteem due to the discriminatory treatment and/or wrongful termination.  In all reasonable probability, the Plaintiff will continue to suffer such severe mental and physical pain and anguish into the future.

## Attorney's Fees

24.  By reason of the allegations of this petition, Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary.  In this connection, Plaintiff will show that he has employed the undersigned attorney to assist her in the prosecution of this action.  Plaintiff further seeks an upward adjustment or enhancement to the lodestar amount of attorney's fees to be determined in the prosecution of this lawsuit.  A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts.  If ultimately successful in this case, Plaintiff fully expects that the Defendant corporation will appeal this case.  Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal.  Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, paralegals and/or law clerks that assist in the prosecution of the case.  As permitted, Plaintiff also seeks to re-coup all litigation expenses and costs of court expended in the prosecution of this lawsuit.

## Exemplary Damages

9

25. The conduct of Defendants, as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and fraudulent intent held by the Defendants' management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendants acted with malice, actual malice and/or a specific intent to injure the Plaintiff. The Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendants and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendants as a result of its egregious violations of the law.

### Demand for Trial by Jury

26. Plaintiff makes and files this Demand for Trial by Jury in the above styled and numbered cause. Plaintiff requests that this case be set on the jury docket of the court for disposition in due order and as soon as practicable.

27. WHEREFORE, PREMISES CONSIDERED, Luis Rios Jr. Plaintiff herein, prays that this Honorable Court grant the following:

    (1)    Judgment against the Defendants for damages as requested herein in an amount in excess of $200,000 but not more than one million dollars;

    (2)    Alternatively, equitable relief wherein Plaintiff Rios will be reinstated to his former position at SCAD with all benefits and privileges he formerly possessed while he was employed by SCAD;

    (3)    Punitive damages;

    (4)    Attorney's fees;

    (5)    Pre-judgment interest allowed by law;

    (6)    Interest on said judgment at the legal rate from the date of

judgment;

(7)     For costs of suit herein; and

(8)     For such other and further relief at law or in equity to which the
        Plaintiff may show himself justly entitled to receive and for which
        he shall forever pray.

Respectfully submitted,

**Law Offices of Gilberto Hinojosa & Associates, P.C.**

By: _____

Gilberto Hinojosa, Esq.
622 East Saint Charles Street
Brownsville, Texas 78520
State Bar Number 09701100
(956) 544-4218 (tel)
(956) 544-1335 (fax)
ghinojosa@ghinojosalaw.net

**Escobar Law Firm, PLLC**
Carlos Escobar
State Bar No. 24025351
Fed. ID No.: 25649
2415 North 10th Street
McAllen, Texas 78501
(956) 682 5434
(956) 683 1172 (fax)
carlos@escobarlawfirm.com

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all parties on April 6th, 2015 by method indicated below:

**Via Fax: 956-504-1408 &**
**arnold@aguilarzabartellc.com**
J. Arnold Aguilar
Aguilar & Zabarte, LLC
900 Marine Drive
Brownsville, Texas 78520
*Attorney for Defendants*

Carlos Escobar

12

# CAUSE NO. DC-14-931

| | | |
|---|---|---|
| LUIS RIOS, JR. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| STARR COUNTY APPRAISAL DISTRICT, | § | STARR COUNTY, TEXAS |
| BASILIO VILLARREAL, JR., | § | |
| INDIVIDUALLY AND AS A MEMBER OF | § | |
| THE STARR COUNTY APPRAISAL | § | |
| BOARD OF DIRECTORS, HUMBERTO | § | |
| SAENZ, JR., INDIVIDUALLY AS A | § | |
| CHIEF APPRAISER FOR THE STARR | § | |
| COUNTY APPRAISAL DISTRICT | § | 381ST JUDICIAL DISTRICT |

## ORDER

On the _7th_ day of _April_, 2015, this cause came for hearing on *Defendant Starr County Appraisal District's Motion to Dismiss Individual Defendants*.

After considering the motion and response thereto on file and hearing the argument of counsel thereon, the Court is of the opinion that Defendant Starr County Appraisal District's Motion to Dismiss Individual Defendants should be GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Defendant Starr County Appraisal District's Motion to Dismiss Individual Defendants is hereby GRANTED, and all *State law* claims against Defendants Basilio Villarreal, Jr., Individually and as a Member of the Starr County Appraisal District Board of Directors, and Humberto Saenz, Jr., Individually as a Chief Appraiser for the Starr County Appraisal District are hereby dismissed with prejudice against the refiling of same.

SIGNED on this the _7th_ day of _April_, 2015.

_____
PRESIDING JUDGE

vld/626-14/Mtn to Dismiss


EXHIBIT
10

Page 9

# EXHIBIT-B

---

## LIST OF ATTORNEYS

---

ATTORNEYS FOR PLAINTIFF:

Gilberto Hinojosa
State Bar No. 09701100
Federal Adm. No.
Email: ghinojosa@ghinojosalaw.net

**LAW OFFICES OF GILBERTO HINOJOSA & ASSOCIATES, P.C.**
622 East Saint Charles Street
Brownsville, TX  78520
Telephone    : (956) 544-4218
Facsimile    : (956) 544-1336

Carlos Escobar
State Bar No. 24025351
Federal Adm. No. 25649
Email: carlos@escobarlawfirm.com

**ESCOBAR LAW FIRM, PLLC**
2415 North 10th Street
McAllen, TX  78501
Telephone    : (956) 682-5434
Facsimile    : (956) 683-1172

ATTORNEYS FOR DEFENDANTS:

J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822
email:  arnold@aguilarzabartellc.com

Francisco J. Zabarte
State Bar No. 22235300
Federal Adm. No. 10747
email:  frank@aguilarzabartellc.com

**AGUILAR ☆ ZABARTE, LLC**
990 Marine Drive
Brownsville, TX  78520
Telephone     :  (956) 504-1100
Facsimile      :  (956) 504-1408